UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TOMAS VERANO CRUZ,

    Plaintiff,

v.

KEVIN CHAPPELL,

    Defendant.

Case No. 13-cv-02792-JST

**ORDER GRANTING EQUITABLE TOLLING**

Re: Dkt. No. 8

# INTRODUCTION

Petitioner, a condemned prisoner at San Quentin State Prison, has filed a motion for equitable tolling of the one-year statute of limitations applicable federal habeas petitions. For the reasons outlined below, petitioner's motion is **GRANTED**.

# BACKGROUND

In September 1994, petitioner was sentenced to death in Sonoma County Superior Court following a conviction of first degree murder of Shasta County Deputy Sheriff Kenneth Perrigo, and forcible escape. Three special circumstances were found true: murder for the purpose of perfecting or attempting to perfect escape from custody, intentional murder of a police officer and lying in wait. *People v. Cruz*, 44 Cal. 4th 636, 643 (2008). The California Supreme Court affirmed his conviction and death sentence on July 24, 2008. *Id*. The United States Supreme Court denied certiorari on March 2, 2009. *Cruz v. California*, 555 U.S. 1215 (2009).

Petitioner filed a state habeas petition on November 29, 2004. The California Supreme Court denied this petition on June 12, 2013. (ECF Docket No. 1)

Petitioner filed a request for appointment of federal habeas counsel and stay of execution in this Court on June 16, 2013. This request was granted. (ECF Docket No. 3) His case was

1   referred to the Selection Board for recommendation of counsel.

2   The Court appointed counsel on November 19, 2013. On December 9, 2013, petitioner filed a motion requesting equitable tolling of the five-month period during which he was without counsel, setting the due-date for his petition as November 19, 2014. Because respondent's counsel had not filed a notice of appearance, she was not served with petitioner's motion and did not oppose it. On January 8, 2014, the Court granted petitioner's motion. On February 11, 2014, respondent's counsel was alerted to the lack of counsel of record, learned of petitioner's motion and the Court's Order granting equitable tolling. On February 12, 2014, she filed a motion to reconsider the Court's Order, as well as an opposition to petitioner's motion. On February 18, 2014, petitioner filed a reply.

Having granted respondent's motion to reconsider and vacate its Order of January 8, 2014, the Court once again grants petitioner's motion for equitable tolling.

## DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year deadline for an application for writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)A). "Direct review" concludes when the United States Supreme Court denies a petition for certiorari or the time for seeking certiorari review expires. *Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999). The United States Supreme Court denied petitioner's petition for writ of certiorari on March 2, 2009. *Cruz v. California*, 555 U.S. 1215 (2009). Petitioner's limitations period was statutorily tolled however, during the pendency of his state habeas petition. 28 U.S.C. § 2244(d)(2). His state habeas petition was filed on November 29, 2004, and denied on June 12, 2013. His statute of limitations thus began to run on June 13, 2013, the day after his state habeas petition was denied, and absent tolling, will expire on June 13, 2014.

The one-year limitation period of § 2244(d)(1) is not jurisdictional and can be equitably tolled. *Holland v. Florida*, 560 U.S. ___, 130 S. Ct. 2549, 2554 (2010). A federal habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 2562 (internal quotation marks omitted).  Although equitable tolling will not be available in most circumstances, it may be appropriate where external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim.  *See Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

Petitioner argues that he is entitled to equitable tolling because he lacked counsel during five months of his statutory period.  In capital cases, an indigent petitioner has a statutory right to counsel, which includes the right to legal assistance in the preparation of a habeas petition.  *See* 18 U.S.C. § 3599(a)(2); *McFarland v. Scott*, 512 U.S. 849, 856-57 (1994).   The Supreme Court has observed that given the complex nature of capital habeas proceedings and the seriousness of the possible penalty, an attorney's assistance in preparing a habeas petition is crucial.  *McFarland*, 512 U.S. at 855-56.  In particular, "the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims."  *Id*. at 858.  Accordingly,

> a capital habeas petitioner is generally entitled to equitable tolling during the time that a court is seeking counsel to represent the petitioner because the lack of appointed counsel is an extraordinary circumstance that often makes it impossible for a petitioner to file an otherwise timely petition that has been prepared with the assistance of counsel.

*Stanley v. Martel*, No. 3-7-cv-4727-EMC, slip op. at 2 (N.D. Cal. July 26, 2011) (Order Granting in Part & Den. in Part 2d Mot. for Equitable Tolling) (internal quotation marks and citation omitted); *see also*, *e.g*., *Jablonski v. Martel*, No. 3-7-cv-3302-SI, slip op. at 2–3 (N.D. Cal. Sept. 9, 2011) (Order Granting Motion for Equitable Tolling); *San Nicolas v. Ayers*, No. 1-6-cv-942-LJO, 2007 WL 763221, at *6 (E.D. Cal. Mar. 9, 2007).  The absence of counsel during five months of petitioner's statutory period thus constitutes an extraordinary circumstance preventing him from filing the petition that he is statutorily entitled to file.

Moreover, petitioner has pursued his rights diligently.  This is evidenced by the fact that he initiated the present action and invoked his right to counsel before the statute of limitations expired.  *See*, *e.g*., *Hoyos v. Wong*, No. 3-9-cv-388-L-NLS, 2010 WL 596443, at *5 (S.D. Cal. Feb. 16, 2010); *Pollock v. Martel*, No. 4-5-cv-1870-SBA, 2012 WL 174821, at *2 (N.D. Cal. Jan.

3

20, 2012).

Respondent opposes petitioner's request for tolling on various grounds. He argues that a petitioner's pro se status and lack of legal sophistication do not constitute extraordinary circumstances warranting equitable tolling. The authorities he cites in support of this argument, *see*, *e.g.*, *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jihad v. Hvass*, 267 F.3d 803 (8th Cir. 2001), are non-death penalty habeas cases where the petitioner did not have a statutory right to counsel. Such cases do not support respondent's contention.

Respondent next argues that the fact that the AEDPA itself does not provide for tolling during the period when a request for appointment of counsel is pending indicates that Congress intended the limitations period to begin running notwithstanding a capital prisoner's unrepresented status. Congress' decision to not provide for statutory tolling during the pendency of a request for appointment of counsel does not, however, negate a petitioner's entitlement to equitable tolling of the limitations period.

Respondent further asserts that in light of the fact that all federal claims must first be exhausted in state court, as well as the limitations imposed by *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011) (federal habeas review of a state court's adjudication of a claim on the merits is limited to the record that was before the state court that adjudicated the claim), the seven remaining months of petitioner's limitations period provides ample time for petitioner to review the state court record and prepare a petition containing exhausted claims based on the state court record. Contrary to respondent's assertion, the exhaustion doctrine does not moot petitioner's right to investigate and develop claims for federal habeas review, nor does it defeat his eligibility for equitable tolling. Furthermore, *Pinholster* is inapposite. There is no discussion in *Pinholster* of equitable tolling or of anything else related to the habeas statute of limitations. Respondent's argument lacks merit.

## CONCLUSION

The Court concludes that petitioner has been pursuing his rights diligently, and the delay in appointing counsel prevents the timely filing of a finalized petition. The Court therefore grants petitioner's motion for equitable tolling. Petitioner shall file his finalized petition on or

4

1  before November 19, 2014.

2  **IT IS SO ORDERED.**

3  Dated: February 21, 2014



JON S. TIGAR
United States District Judge