UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TOMAS VERANO CRUZ,

        Petitioner,

    v.

KELLY MITCHELL,

        Respondent.

Case No.  13-cv-02792-JST

**ORDER GRANTING STAY**

Re: ECF No. 21

## I.  INTRODUCTION

Petitioner, a condemned prisoner at San Quentin State Prison, has filed a request to stay his federal habeas petition pending the completion of exhaustion proceedings in state court. Respondent opposes petitioner's request.  For the reasons outlined below, petitioner's motion is GRANTED.

## II.  BACKGROUND

In September 1994, petitioner was sentenced to death in Sonoma County Superior Court following a conviction of first degree murder of Shasta County Deputy Sheriff Kenneth Perrigo, and forcible escape.  Three special circumstances were found true: murder for the purpose of perfecting or attempting to perfect escape from custody, intentional murder of a police officer and lying in wait.  People v. Cruz, 44 Cal. 4th 636, 643 (2008).  The California Supreme Court affirmed his conviction and death sentence on July 24, 2008.  *Id.*  The United States Supreme Court denied certiorari on March 2, 2009.  Cruz v. California, 555 U.S. 1215 (2009).

Petitioner filed a state habeas petition on November 29, 2004.  The California Supreme Court denied this petition on June 12, 2013.  ECF No. 1.

Petitioner filed a request for appointment of federal habeas counsel and a stay of execution

United States District Court
Northern District of California

1   in this Court on June 16, 2013.  This request was granted.  ECF No. 3.  His case was referred to

2   the Selection Board for recommendation of counsel.  The Court appointed counsel on November

3   19, 2013.

4       On February 21, 2014, the Court granted petitioner's request for equitable tolling of the

5   statute of limitation, giving petitioner until November 19, 2014, to file a federal habeas petition.

6   Petitioner filed a "mixed" federal habeas petition containing exhausted and unexhausted claims on

7   November 13, 2014.  A few days later, on November 17, 2014, he filed a state habeas petition

8   containing his unexhausted claims.

9       In his current motion, petitioner asserts that in the course of preparing his federal petition,

10  he has discovered unexhausted claims that were not previously raised (e.g. claims 3, 4, 5, 14, 23,

11  42, 44 and 45) and expanded other claims that he previously pled (e.g. claims 13, 15, 19, 27, 39

12  and 43).  He requests that his petition be stayed and held in abeyance pending his exhustion of

13  claims in state court.  Respondent contends that a stay is not warranted.

14  III.    **LEGAL STANDARD**

15      The Supreme Court follows a rule of "total exhaustion," requiring that all claims in a

16  habeas petition be exhausted before a federal court may grant the petition.  Rose v. Lundy, 455

17  U.S. 509, 522 (1982).   A district court is permitted, however, to stay a mixed petition to allow a

18  petitioner to exhaust his claims in state court without running afoul of the one-year statute

19  limitations period for receiving federal habeas review imposed by the Antiterrorism and Effective

20  Death Penalty Act of 1996 ("AEDPA").  Rhines v. Weber, 544 U.S. 269, 273-75 (2005).  A

21  district court may stay a mixed petition if: 1) the petitioner has good cause for his failure to

22  exhaust his claims, 2) the unexhausted claims are potentially meritorious, and 3) there is no

23  indication that the petitioner intentionally engaged in dilatory tactics.  Id. at 278.

24      The Supreme Court has not articulated with precision what constitutes "good cause" for

25  purposes of granting a stay under Rhines.  In Pace v. Digugliemo, 544 U.S. 408, 416 (2005), the

26  Supreme Court stated in *dicta* that a "petitioner's reasonable confusion about whether a state filing

27  would be timely will ordinarily constitute 'good cause' for him to file in federal court" without

28  exhausting state remedies first.  More recently, in Martinez v. Ryan, 132 S. Ct. 1309, 1315 (2012),

United States District Court
Northern District of California

the Supreme Court held that ineffective assistance of post-conviction counsel may constitute cause for overcoming procedural default.

The Ninth Circuit has clarified that "good cause" for failure to exhaust does not require "extraordinary circumstances." Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Nonetheless, the good cause requirement should be interpreted in light of the Supreme Court's admonition that stays be granted only in "limited circumstances" so as not to undermine the AEDPA's twin goals of reducing delays in the execution of criminal sentences, and streamlining federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court. Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008). A petitioner's mistaken impression that his counsel included a claim in an appellate brief does not qualify as "good cause" for failure to exhaust as such an allegation could be raised by any petitioner, rendering stay-and-abeyance orders routine. Id.

More recently, in Blake v. Baker, 745 F. 3d 977, 983 (9th Cir. 2014), the Ninth Circuit held that "[ineffective assistance] by post-conviction counsel can be good cause for a Rhines stay," finding that such a conclusion was consistent with and supported by Martinez. The court found that the "good cause element is the equitable component of the Rhines test," and that "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust.]" Id. The petitioner in Blake argued that he failed to exhaust his ineffective assistance of trial counsel claim because state post-conviction counsel failed to discover evidence that he suffered extreme abuse as a child, as well as organic brain damage and psychological disorders. Id. at 982. He supported his argument with evidence of his abusive upbringing and history to mental illness. In light of this showing, the Ninth Circuit found that the district court abused its discretion in denying a stay and remanded the case. Id. at 983-84.

## IV.   DISCUSSION

As discussed below, the Court concludes that petitioner meets the *Rhines* requirements for a stay. 544 U.S. at 278.

### A.   Good Cause

Petitioner alleges that a variety of factors establish good cause for his failure to exhaust

claims earlier.   He asserts that: 1) post-conviction counsel were ineffective for failing to investigate and present certain claims, 2) his federal petition includes new evidence, developed in the course of litigation in Ashmus v. Ayers, N.D. Cal., No. 93-0594 TEH, supporting constitutional challenges to California's death penalty statute, 3) his petition includes claims impacted by recent developments in Sixth Amendment law, as well as developments in other California cases such as Jones v. Chappell, C.D. Cal., No. 09-2158, 4) prior counsel were unable to conduct an adequate investigation of his claims due to lack of funding from the state court, and 4) because California's untimeliness rules are unclear, he is compelled by Pace to file a mixed petition to avoid risking the loss of his rights and remedies.  Because the Court finds that ineffective assistance of prior counsel adequately establishes good cause for petitioner's failure to exhaust, it will not address petitioner's alternate arguments.

Petitioner alleges that post-conviction counsel were ineffective for failing to investigate and raise juror misconduct and bias claims.  He asserts that current counsel have discovered that two jurors had criminal records and failed to disclose this information during jury selection proceedings.  These facts form the basis of claim 4, in which petitioner alleges that because two jurors withheld material information about their criminal pasts, he was denied his right to trial by a fair and impartial jury.  Petitioner states that juror 1082 failed to disclose on her juror questionnaire that she had been arrested for driving without a license and failing to have a child in a seat restraint system, subsequently failed pay a fine or appear for volunteer work, and that at the time she was selected for petitioner's jury, there was a warrant out for her arrest.  Pet'n at 30-31. He further alleges that juror 1048 failed to disclose that she had been arrested for drunk driving and was sentenced to a fine and work release program.  Pet'n at 32.  Petitioner's previous counsel, Lisa Short and Michael Snedeker, who represented petitioner both on direct appeal and in state habeas proceedings, state that they were not aware of these facts, and did not have any tactical reason for withholding claims arising from them.  ECF No. 24, Ex. A (Decl. of Lisa Short), Ex. B (Decl. of Michael Snedeker).[1]

---

[1] Although technically Michael Snedeker was not petitioner's appointed counsel from 2002-2007, during that time period, he continued to work on his case as the designated "buddy" from the

United States District Court
Northern District of California

Based on its review of the record, the Court finds that petitioner has advanced a reasonable excuse, supported by evidence to justify her failure to exhaust her claims.  See Blake, 745 F.3d at 982.  Contrary to respondent's assertion, petitioner makes more than a "bald assertion."  Rather, he supports his argument with juror questionnaires, declarations from prior counsel and trial transcripts.  Accordingly, the Court concludes that petitioner's showing of post-conviction ineffective assistance satisfies the Rhines good cause requirement.

Respondent complains that "not one first time Rhines stay request in a capital case in this district has been denied," and that "this surely cannot be what the Supreme Court meant by the concept 'limited circumstances' in Rhines."  (ECF No. 23 at 10)  As respondent himself acknowledges however, the definition of good cause need not be limited "to only those excuses that arise infrequently."  Blake, 745 F.3d at 982.  In the instant case, petitioner has demonstrated good cause.

### B.      Merit of Claims

Under the second prong of the Rhines test, a district court would abuse its discretion if it were to grant a petitioner a stay when his unexhausted claims are plainly "meritless."  Rhines, 544 U.S. at 277.  Here, petitioner has filed a lengthy petition containing allegations that are not vague, conclusory or patently frivolous.  His claims are well-supported by specific averments and numerous exhibits.  He has articulated cognizable constitutional claims supported by relevant legal authority, and has presented such evidence and offers of proof as are presently available to him.  Based on its review of the record, the Court cannot conclude that petitioner's unexhausted claims are plainly meritless.

### C.      Absence of Dilatory Tactics

Under the third prong of the Rhines test, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if . . . there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Id. at 278.  The Court already found that petitioner has been pursuing his rights diligently when it granted equitable tolling.  ECF No.

United States District Court
Northern District of California

California Appellate Project.  (ECF Doc. 24, Ex. A, Decl. of Lisa Short)

United States District Court
Northern District of California

17.  Since then, petitioner has been following this Court's Habeas Local Rules in litigating his petition.  Moreover, he has already filed his state exhaustion petition.  There is no further evidence that petitioner has engaged in dilatory litigation tactics to date.  Petitioner satisfies the third prong of <u>Rhines</u>.

**V.      CONCLUSION**

For the above-mentioned reasons, the Court finds as follows:

1.      Petitioner's motion for a stay is GRANTED.  The hearing scheduled for January 8, 2015, is VACATED;

2.      Thirty days after the entry of this Order, and every 90 days thereafter until proceedings in his state exhaustion case are completed, petitioner shall serve and file in this Court a brief report updating the Court and the parties on the status of his pending state habeas action. No later than 30 days after proceedings in his state case are completed, petitioner shall serve and file notice that proceedings are completed.

**IT IS SO ORDERED.**

Dated:  January 5, 2015

_____
JON S. TIGAR
United States District Judge